FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 29 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 09-CR-455 |
| - against - | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| DONALD PETIT, | |
| Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

On November 16, 2009, Donald Petit plead guilty to Count One of a single-count second superseding indictment, which charged that between December 2008 and February 2009, the defendant, together with others, conspired to possess with intent to distribute MDMA, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

Petit was sentenced on April 9, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 18 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between twenty-seven and thirty-three months. The offense carried a maximum term of imprisonment of 20 years. 21 U.S.C. § 841(b)(1)(C). The maximum fine was $1,000,000.

Petit was sentenced to five years' probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any substantial assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). While the offense is a serious one, the defendant is a peaceable, well motivated young man, who has tried to make the best of a

bad childhood. Defendant had abusive parents, and was raised in various foster homes from the age of six. He has no relationships or contact with his parents or any of his siblings. He now holds a steady job. Prior to the instant offense he had never had an encounter with the law. A sentence of five years' probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is effectuated by the sentence imposed and by higher sentences for those more deeply involved in the drug distribution scheme. The sentence will send a clear message that any involvement the distribution of illegal narcotics will result in punishment. Specific deterrence is achieved through probation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his strong motivation and regret for his past misdeed.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: April 9, 2010
       Brooklyn, New York

3